

NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@trialnewport.com
James B. Hardin, Bar No. 205071
jhardin@trialnewport.com
Victoria C. Knowles, Bar No. 277231
vknowles@trialnewport.com
895 Dove Street, Suite 425
Newport Beach, CA 92660
Tel: 949/706-6464
Fax: 949/706-6469

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

DANIELL BAYONNE, individually, and on behalf of all others similarly situated

Plaintiff,

vs.

NATIONWIDE COIN & BULLION RESERVE, INC. and DOES 1-10, Inclusive

Defendants.

Case No. **CV 12 - 4900**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff DANIELLE BAYONNE ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief:

## I. INTRODUCTION

1.    NATIONWIDE COIN & BULLION RESERVE, INC. ("Defendant") markets and sells the "$5 Gold American Eagles" coin (hereinafter "the Coins" or the "product") as "congressionally authorized, Gov't issued gold coins" for $172 *per coin*, with a five coin order minimum.

2.    Defendant is falsely and misleadingly implying to California consumers that it has a relationship with the U.S. government, implies the price for the product is its actual value, and to top it off, charges an exorbitant shipping and handling fee which in no way represents a fair price for the actual shipping and handling involved.

3.      Defendant's misrepresentations regarding its relationship with the United States government and the value of the Coins were designed to, and did, lead Plaintiff and other similarly situated purchasers of the Coins in the State of California during the four years prior to the filing of this lawsuit (collectively the "Class") to believe that the Coins were of the value and quality advertised and that Defendant had a relationship to the Unites States government which it did not have.  Plaintiff and members of the Class relied on Defendant's misrepresentations and would not have paid as much, if at all, for the Coins but for Defendant's misrepresentations.

4.      Plaintiff brings this class action lawsuit to enjoin the ongoing deception of thousands of California consumers by Defendant, and to recover the money taken by this unlawful practice.

## II. __THE PARTIES__

### A.    __Plaintiff__

5.      Plaintiff Danielle Bayonne is a resident of Los Angeles County, California who purchased the Coins in early 2012 for $860 plus shipping and handling, in Los Angeles County, California.   Plaintiff relied on all of Defendant's representations regarding the quality and value of the Coins, as well as Defendant's implied relationship to the United States government, as detailed herein, and but for those representations, Plaintiff would not have purchased or paid as much for the Coins.

### B.    __Defendants__

6.      Defendant Nationwide Coin & Bullion Reserve, Inc. is a Texas corporation with its principal place of business in Houston, Texas.  Nationwide Coin & Bullion Reserve, Inc. markets and sells the Coins, and does business in California.

7.      The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sue such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE

**CLASS ACTION COMPLAINT**

Defendants when such identities become known.

8.    At all times mentioned herein, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership, and common enterprise, and acted within the course and scope of, and in pursuance of, said joint venture, partnership, and common enterprise.

9.    At all times mentioned herein, the acts and omissions of Defendants, and each of them, contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as alleged herein.

10.    At all times mentioned herein, Defendants, and each of them, ratified each and every act or omission complained of herein.   At all times mentioned herein, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as alleged herein.

### III.  JURISDICTION AND VENUE

11.    This Court has jurisdiction over the subject matter presented by this Complaint because it is a class action arising under the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the original jurisdiction of the Federal Courts over any class action in which any member of the Plaintiff Class is a citizen of a state different from any Defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000, exclusive of interest and costs.

12.    As set forth above, Plaintiff is a citizen of California and Defendant is a citizen of Texas.  Therefore, diversity of citizenship exists under CAFA, as required by 28 U.S.C. § 1332(d)(2)(A).

13.    Plaintiff alleges that the total damages of the individual members of the Plaintiff Class in this action are in excess of $5,000,000 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5).

14.    Venue is proper in this Court because Plaintiff purchased the product in this Judicial District and because Defendant has received substantial compensation

1  from sales in this Judicial District.   Specifically, Defendant knowingly engages in

2  activities directed at consumers in this Judicial District, and Defendant obtains

3  substantial benefits from its scheme perpetrated in this Judicial District.   The

4  declaration of venue required by California Civil Code § 1780(d) is attached hereto as

5  Exhibit One.

6  ## IV.  <u>FACTUAL ALLEGATIONS</u>

7  15.    Defendant markets and sells the "$5 Gold American Eagles" coin.

8  Defendant markets the Coins as "congressionally authorized, Gov't issued gold coins"

9  that are "fully backed by the U.S. Government."   Defendant charges $172 *per coin*, a

10  more than 100% mark-up, even though Defendant claims the price is an "at cost offer"

11  and that the offer is "completely free of dealer mark-up."   The Coins were released in

12  four separate sizes, 1/10 oz, 1/4 oz, 1/2 oz, and 1 oz denominations, yet Defendant

13  charges $172 per coin without specifying the size of the coin being sold.  What is more,

14  Defendant places a five coin order *minimum* on the foregoing purchase offer.  *See*

15  Exhibit Two.

16  16.    Defendant is also falsely and misleadingly implying to California

17  consumers through its marketing and advertising language that it has a relationship with

18  the U.S. government.   Defendant's name, "Nationwide Coin & Bullion Reserve," in

19  addition to its statements as to the Coins being "congressionally authorized," "Gov't

20  issued," and "fully backed by the U.S. Government," gives consumers the impression

21  that Defendant either *is* a government entity, or is affiliated with a government entity in

22  its "release" of the Coins.

23  17.    In addition to the foregoing, Defendant charges $38 in shipping and

24  handling to send the Coins via priority mail.  This charge is exorbitant and in no way

25  reflects the actual and reasonable cost of shipping and handling.

26  18.    Plaintiff purchased the Coins in early 2012.  She did so after reading,

27  believing, and relying upon all of Defendant's advertising discussed herein.

28  19.    Defendant's misrepresentations regarding the value of the Coins as well as

- 4 -
**CLASS ACTION COMPLAINT**

1   its implied relationship with the United States government were designed to, and did,

2   induce reliance from reasonable consumers, including Plaintiff and the Class.

3       20.   As a direct and proximate result of Defendant's false and misleading

4   representations, reasonable consumers—including Plaintiff and the Class—were led to

5   believe that the Coins were actually worth $172 and that Defendant was, or affiliated

6   with, a United States government agency.   Based on these beliefs, Plaintiff and

7   members of the Class purchased the Coins.

8       21.   Plaintiff and members of the Class have suffered injury in fact and have

9   lost money as a result of Defendant's misconduct.   Plaintiff and members of the Class

10  relied on Defendant's misrepresentations and would not have paid as much, if at all, for

11  the Coins but for Defendant's misrepresentations in the marketing and advertising for

12  the Coins.

13      22.   As a result of the false and misleading representations detailed above,

14  Defendant was able to charge, at a minimum, $896 per customer for a product worth

15  substantially less. Defendant has reaped substantial profit from its misrepresentations

16  and has been unjustly enriched by wrongfully taking millions of dollars from California

17  consumers.

18      23.   Accordingly, Plaintiff brings this lawsuit to enjoin the ongoing deception

19  by of thousands of California consumers by Defendant, and to recover the funds taken

20  by this unlawful practice.

21                  ### V. **RULE 9(b) ALLEGATIONS**

22      24.   Federal Rule of Civil Procedure ("Rule") 9(b) provides that "[i]n alleging

23  fraud or mistake, a party must state with particularity the circumstances constituting

24  fraud or mistake." Fed. R. Civ. P. 9(b).   As detailed in the paragraphs above, Plaintiff

25  has satisfied the requirements of Rule 9(b) by establishing the following elements with

26  sufficient particularity:

27      25.   WHO: Defendant Nationwide Coin & Bullion Reserve, Inc. made material

28  misrepresentations and failed to disclose, or adequately disclose, material facts as

detailed herein.  Except as identified herein, Plaintiff is unaware, and therefore unable to identify, the true names and identities of those individuals at Nationwide Coin & Bullion Reserve, Inc. who are responsible for such material misrepresentations and/or omissions.

26.   WHAT: Defendant made material misrepresentations regarding the quality and value of the Coins as well as its relationship to the United States government.

27.   WHEN: Defendant made the material misrepresentations, omissions, and non-disclosures detailed herein continuously during the Class Period.

28.   WHERE: Defendant's material misrepresentations, omissions, and non-disclosures detailed herein were made, *inter alia*, in print advertisements and on Defendant's website.

29.   HOW: Defendant made numerous, written material misrepresentations in advertisements for the Coins and on its website that were designed to, and in fact did, mislead Plaintiff and Class members into purchasing the Coins.

30.   WHY: Defendant engaged in the material misrepresentations, omissions, and non-disclosures detailed herein for the express purpose of inducing Plaintiff and other reasonable consumers to purchase and pay a premium price for the Coins based on the belief that the Coins were of a certain value and quality, and based on Defendant's implied relationship with the United States government.   Defendant profited by selling its product to thousands of unsuspecting California consumers.

## VI.  CLASS ACTION ALLEGATIONS

31.   Plaintiff brings this class action for damages and other relief on behalf of the following class:

> All persons residing in the State of California who purchased the $5 Gold American Eagles coin at any time during the four years preceding the filing of this Complaint.

32.   Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries,

and assigns.  Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

33.   The proposed Class is so numerous that individual joinder of all its members is impracticable.  Due to the nature of the trade and commerce involved, however, Plaintiff believes that the total number of Class members is at least in the tens of thousands and members of the Class are numerous and geographically dispersed across California.  While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.  The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

34.   There is a well-defined community of interest in the questions of law and fact involved affecting the Class and these common questions predominate over any questions that may affect individual Class members.  Common questions of fact and law include, but are not limited to, the following:

      a.   Whether Defendant's value claims are accurate;

      b.   Whether Defendant has falsely represented its relationship with the United States government;

      c.   Whether Defendant's conduct constitutes a violation of the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*);

      d.   Whether Defendant's conduct constitutes a violation of California's false advertising law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*);

      e.   Whether Defendant's conduct constitutes an unfair, unlawful, and/or fraudulent business practice in violation of California's unfair competition law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*);

      f.   Whether Plaintiff and Class members are entitled to compensatory damages, and if so, the nature of such damages;

      g.   Whether Plaintiff and Class members are entitled to restitutionary

1  relief;

2          h.      Whether Plaintiff and Class members are entitled to injunctive

3  relief; and

4          i.      Whether Plaintiff and Class members are entitled to punitive

5  damages.

6          35.     Plaintiff's claims are typical of the claims of the members of the Class.

7  Plaintiff and all members of the Class have been similarly affected by Defendant's

8  common course of conduct since they all relied on Defendant's representations

9  concerning the Coins and purchased the product based on those representations.

10         36.     Plaintiff will fairly and adequately represent and protect the interests of the

11 Class.  Plaintiff has retained counsel with substantial experience in handling complex

12 class action litigation.   Plaintiff and her counsel are committed to vigorously

13 prosecuting this action on behalf of the Class and have the financial resources to do so.

14 Plaintiff and the members of the Class suffered, and will continue to suffer, harm as a

15 result of Defendant's unlawful and wrongful conduct.   A class action is superior to

16 other available methods for the fair and efficient adjudication of the present

17 controversy.

18         37.     Individual joinder of all members of the Class is impracticable.  Even if

19 individual Class members had the resources to pursue individual litigation, it would be

20 unduly burdensome to the courts in which the individual litigation would proceed.

21 Individual litigation magnifies the delay and expense to all parties in the court system

22 of resolving the controversies engendered by Defendant's common course of conduct.

23 The class action device allows a single court to provide the benefits of unitary

24 adjudication, judicial economy, and the fair and efficient handling of all Class

25 members' claims in a single forum.   The conduct of this action as a class action

26 conserves the resources of the parties and of the judicial system and protects the rights

27 of the Class members.  Furthermore, for many, if not most, a class action is the only

28 feasible mechanism that allows an opportunity for legal redress and justice.

38.     Adjudication of individual Class members' claims with respect to Defendant would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudication, and could substantially impair or impede the ability of such non-party Class members to protect their interests.

39.     Individual actions by Class members would establish incompatible standards of conduct for Defendant.

40.     Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to Class members as a whole, as requested herein.

## VII.  CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT

## (CAL. CIV. CODE §§ 1750, *ET SEQ.*)

### (By Plaintiff and on Behalf of the Class Against Defendants)

41.     Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein.

42.     Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein.   Specifically, Plaintiff purchased the Coins in reliance on Defendant's marketing claims and would not have paid as much, if anything, for the product, but for Defendant's false and misleading representations.

43.     Defendant has engaged in and continues to engage in business practices in violation of California Civil Code §§ 1750, *et seq.* (the "Consumers Legal Remedies Act") by making false and unsubstantiated representations concerning the value of the Coins.  These business practices are misleading and/or likely to mislead consumers and should be enjoined.

44.     Defendant has engaged in deceptive acts or practices intended to result in the sale of the Coins in violation of Civil Code § 1770.  Defendant knew and/or should

have known that its representations of fact concerning the value of the Coins were material and likely to mislead the public. Defendant affirmatively misrepresented that the Coins were of a certain value or quality which they were not.

45. Defendant's conduct alleged herein violates the Consumers Legal Remedies Act, including but not limited to, the following provisions: (1) using deceptive representations in connection with goods or services in violation of Civil Code § 1770(a)(4); (2) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have in violation of Civil Code § 1770(a)(5); and/or (3) advertising goods or services with intent not to sell them as advertised in violation of Civil Code § 1770(a)(9). As a direct and proximate result of Defendant's conduct, as set forth herein, Defendant has received ill-gotten gains and/or profits, including but not limited to, money. Therefore, Defendant has been unjustly enriched.

46. There is no other adequate remedy at law, and Plaintiff and Class members will suffer irreparable harm unless Defendant's conduct is enjoined.

47. Pursuant to Civil Code §§ 1780(a)(2)-(5) and 1780(d) Plaintiff and Class members seek an order for: (1) an injunction against Defendant's illegal conduct as alleged herein; (2) actual damages; (3) punitive damages; (4) restitution; (5) ancillary relief; and (6) attorneys' fees and costs to the full extent allowed by law.

48. The declaration of venue required by Civil Code § 1780(d) is attached hereto as Exhibit One.

49. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the Consumers Legal Remedies Act since Defendant is still representing that its product has characteristics, values, and benefits which are false and misleading, and have injured Plaintiff and the Class.

50. On May 3, 2012, Plaintiff's counsel mailed to Defendant Nationwide Coin & Bullion Reserve, Inc. by certified mail, with return receipt requested, written notice that Defendant's conduct is in violation of the Consumers Legal Remedies Act, as

required by Civil Code § 1782(a).  A true and correct copy of this letter is attached hereto as Exhibit Three.

51.    Defendant has failed and refused to correct its unlawful conduct as requested by the CLRA letter.

## SECOND CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW
## (CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*)

**(By Plaintiff and on Behalf of the Class Against Defendants)**

52.    Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein.

53.    Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein.   Specifically, Plaintiff purchased the Coins in reliance on Defendant's marketing claims and would not have paid as much, if anything, for the Coins, but for Defendant's false and misleading representations.

54.    Defendant has engaged in false advertising as it has disseminated false and/or misleading representations the Coins and its relationship to the United States government.

55.    Defendant knew or should have known by exercising reasonable care that its representations were false and/or misleading.  During the Class Period, Defendant engaged in false advertising in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*, by misrepresenting in its advertising and marketing of the Coins to Plaintiff, Class members, and the consuming public that, *inter alia*: (1) the Coins were of a certain value and quality when they were not; and (2) Defendant is, or is affiliated with, a United States government agency.

56.    Each of the aforementioned representations alleged in this Complaint was false and misleading because the Coins were not of the value advertised and Defendant is not a United States government agency, nor is it affiliated with one.

57.     By disseminating and publishing these statements in connection with the sale of the Coins, Defendant has engaged in and continues to engage in false advertising in violation of Bus. & Prof. Code §§ 17500, *et seq.*

58.     As a direct and proximate result of Defendant's conduct, as set forth herein, Defendant has received ill-gotten gains and/or profits, including but not limited to, money.  Therefore, Defendant has been unjustly enriched.  Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff requests restitution and restitutionary disgorgement for all sums obtained in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*

59.     Plaintiff seeks injunctive relief, restitution, and restitutionary disgorgement of Defendant's ill-gotten gains as specifically provided in Cal. Bus. & Prof. Code § 17535.

60.     Plaintiff and Class members seek to enjoin Defendant from engaging in these wrongful practices, as alleged herein, in the future.  There is no other adequate remedy at law and if an injunction is not ordered, Plaintiff and the Class will suffer irreparable harm and/or injury.

<u>**THIRD CAUSE OF ACTION**</u>

<u>**UNLAWFUL, FRAUDULENT & UNFAIR BUSINESS PRACTICES**</u>

<u>**(CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*)**</u>

**(By Plaintiff and on Behalf of the Class Against Defendants)**

61.     Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein.

62.     Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein.   Specifically, Plaintiff purchased the Coins in reliance on Defendant's marketing claims and would not have paid as much, if anything, for the product, but for Defendant's false and misleading representations.

63.     Defendant's actions as alleged in this Complaint constitute an unfair or deceptive business practice within the meaning of California Business and Professions

Code §§ 17200, *et seq.*, in that Defendant's actions are unfair, unlawful, and fraudulent, and because Defendant has made unfair, deceptive, untrue, or misleading statements in advertising media, including the Internet, within the meaning of California Business and Professions Code §§ 17200, *et seq.*

64.     Defendant knew or should have known by exercising reasonable care that their representations were false and/or misleading.  During the Class Period, Defendant engaged in unfair, unlawful, and fraudulent business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by misrepresenting in its advertising and marketing of the Coins to Plaintiff, Class members, and the consuming public that, *inter alia*: (1) the Coins were of a certain value and quality when they were not; and (2) Defendant is, or is affiliated with, a United States government agency.

65.     Each of the aforementioned representations alleged in this Complaint was false and misleading because the Coins were not of the value advertised and Defendant is not a United States government agency, nor is it affiliated with one.

66.     Defendant's business practices, as alleged herein, are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers in that consumers are misled by the claims made with respect to the Coins as set forth herein.

67.     Defendant's business practices, as alleged herein, are unlawful because they violate the Consumers Legal Remedies Act and False Advertising Law.

68.     Defendant's business practices, as alleged herein, are fraudulent because they are likely to, and did, deceive customers—including Plaintiff and members of the Class—into believing that the Coins have characteristics and benefits they in fact do not have.

69.     Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct of unfair competition since Defendant is marketing and selling its product in a manner likely to deceive the public.

70.     As a direct and proximate result of Defendant's wrongful business

practices in violation of Business and Professions Code §§ 17200, *et seq.*, Plaintiff and members of the Class have suffered economic injury by losing money as a result of purchasing the Coins.  Plaintiff and members of the Class would not have purchased or would have paid less for the Coins had they known that they were not as represented.

71.     Pursuant to Business and Professions Code § 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in the Complaint.  Plaintiff and the Class also seek an order requiring Defendant to make full restitution of all moneys they wrongfully obtained from Plaintiff and the Class.

## VIII.  <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff and members of the Class request that the Court enter an order or judgment against Defendant, and each of them, as follows:

1.     For an order certifying the Class, appointing Plaintiff and her counsel to represent the Class, and notice to the Class to be paid by Defendant;

2.     For compensatory damages suffered by Plaintiff and Class members;

3.     For punitive damages;

4.     For restitution to Plaintiff and Class members of all monies wrongfully obtained by Defendant;

5.     For an injunction ordering Defendant to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

6.     For both pre-judgment and post-judgment interest at the maximum allowable rate on any amounts awarded;

7.     For Plaintiff's costs of the proceedings herein;

8.     For Plaintiff's reasonable attorneys' fees; and

9.     For any and all such other and further relief that this Court may deem just and proper.

/ / /

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

DATED:      June 4, 2012                    NEWPORT TRIAL GROUP

By:_____
                                          Scott J. Ferrell
                                          Attorneys for Plaintiff and the Class

**CLASS ACTION COMPLAINT**

EXHIBIT 1

I, Danielle Bayonne, declare as follows:

1.      I am a Plaintiff in this action, and am a citizen of the State of California.   I have personal knowledge of the facts herein and, if called as a witness, I could and would testify competently thereto.

2.      The Complaint in this action, filed concurrently with this Declaration, is filed in the proper place for trial under Civil Code Section 1780(d) in that Los Angeles County is a county in which Defendants are doing business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Danielle Bayonne

DECLARATION RE VENUE

EXHIBIT 2



# GOV'T ISSUED GOLD COINS

**NATIONWIDE COIN AND BULLION RESERVE** announces the final release of 2,500 congressionally authorized, fully backed by the U.S. Government, completely free of dealer mark up, $5 Gold American Eagles at the incredible price of only $172.00 each.

## FINAL RELEASE

*I*f you had $25,000 in gold in 2001 at $290 per oz you would have over $100,000 at today's gold prices. Numerous experts are now predicting gold at $5,000 an ounce; your $25,000 could be worth $125,000 in the near future. This at cost offer for American citizens may be your final opportunity to own government gold free of dealer mark up. Due to extremely limited supplies we must adhere to a strict limit of ten coins per household. Nationwide Coin and Bullion Reserve has set these beautiful U.S. Government gold coins for immediate public release and cannot guarantee sufficient inventory to supply current demand. This at cost public offer will sell out immediately. Overage orders may be cancelled and your checks returned uncashed. Ordering now may be your last chance to own these magnificent government issued gold coins at this level. Order now to avoid disappointment. **CALL TOLL FREE 877-817-1220**

## NATIONWIDE
### COIN & BULLION RESERVE

**24 HOURS A DAY · 7 DAYS A WEEK**

# 1.877.817.1220

MINIMUM ORDER 5 COINS

KEY CODE: NRM-120412

EXHIBIT 3



895 Dove Street, Suite 425
Newport Beach, CA 92660
Phone (949) 706-6464
Fax (949) 706-6469
www.trialnewport.com

May 3, 2012

**_BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED_**

Nationwide Coin & Bullion Reserve, Inc.
2000 S Dairy Ashford St. 170
Houston, TX 77077

      Re:    *Notification Pursuant to California Civil Code §1782 and UCC Notice Requirements*

To whom it may concern:

Please be advised that this demand letter is meant to comply with the requirements of California Civil Code §1782 on behalf of our client ("Plaintiff"). This letter includes a detailed summary of Plaintiff's claims regarding the practices of Nationwide Coin & Bullion Reserve (hereafter referred to as "Defendant") that Plaintiff alleges are false and misleading and violate the CLRA.

Defendant markets and sells the $5 Gold American Eagles Coin ("the Product"). Defendant markets the Product as "congressionally authorized, Gov't issued gold coins" that are "fully backed by the U.S. Government." Defendant charges $172 *per coin*, a more than 100% mark-up, even though Defendant claims the price is an "at cost offer." What is more, Defendant places a five coin order *minimum* on the foregoing purchase offer. In reality, Defendant is falsely and misleadingly implying to California consumers that it has a relationship with the U.S. government, implies the price for the Product is its actual value, and to top it off, charges an exorbitant shipping and handling fee which in no way represents a fair price for the actual shipping and handling involved.

Defendant's misrepresentations regarding the quality of its Products and its relationship to the U.S. government were designed to, and did, lead Plaintiff and others similarly situated to believe that the Products were of a standard, quality and grade which they are not. Plaintiff and the class have been damaged as a result of Defendant's false and misleading claims, in that they purchased products that were not of the character and quality advertised and charged far over and above the Product's worth which Defendant claims to be "at cost." Had Plaintiff and class members known that Defendant's Products were not as advertised, they would have either not purchased Defendant's Product or would have paid substantially less for it.

By misrepresenting its Product's worth and qualities, as well as Defendant's relationship with the U.S. Government, Defendant has violated, and continues to violate, California's consumer protection laws. Specifically, in addition to violating Sections 17200 and 17500 et seq. of the California Business and Professions Code and various common laws, Defendant has violated, and continues to violate, the Consumer Legal Remedies Act in at least the following respects:

Nationwide Coin & Bullion Reserve, Inc.
May 3, 2012
Page 2

    a.   in violation of Civil Code § 1770(a)(5), Defendant has represented that its products have certain characteristics and/or benefits, when in fact they do not;

    b.   in violation of Civil Code § 1770(a)(7), Defendant has represented that its product is of a particular standard, quality, or grade when it is in fact, another;

    c.   in violation of Civil Code § 1770(a)(9), Defendant has advertised its products with the intent not to sell them as advertised;

Pursuant to California Civil Code § 1780(a)(2), Plaintiff requests that:

    i.   Defendant publicly disclose accurate statements regarding the true quality of its products, discloses that it has no relationship to the U.S. government, Defendant refunds to all customers the amounts that were wrongly charged (including improper shipping and handling), within the statutory allowable period for class actions, due to Defendant's improper practices; and

    ii.   Defendant halts all unlawful practices described above.

Pursuant to California Civil Code §1782, this letter serves as notification of Defendant's alleged violations of §1770 and Plaintiff's demand for the rectification of such violations on a class-wide basis.

Please be advised that Defendant's failure to respond to the Plaintiff's demands within 30 days of receipt of this letter, pursuant to §1782, may result in the initiation or amendment of a class action complaint against Defendant to request injunctive relief, actual damages, plus punitive damages, interest and attorneys fees and costs for the violations of §§1770 et seq., as well as other California consumer protection statutes.

Lastly, this letter is also meant to serve as the notice required under Article II of the UCC as well as any other notice provisions required by law, relating to the actions described above.

                        Very truly yours,

                        NEWPORT TRIAL GROUP
                        A Professional Corporation

                        Scott J. Ferrell

SJF:jdf

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV12- 4900 R (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address: NEWPORT TRIAL GROUP
Scott J. Ferrell, Bar No. 202091
James B. Hardin, Bar No. 205071
Victoria C. Knowles, Bar No. 277231
895 Dove Street, Suite 425
Newport Beach, CA  92660

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE BAYONNE, individually, and on bhealf of all others similarly situated | CASE NUMBER |
| PLAINTIFF(S) | **CV12-4900-R (RZ)** |
| v. | |
| NATIONWIDE COIN  BULLION RESERVE, INC. and DOES 1 - 10, Inclusive | **SUMMONS** |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Newport Trial Group_____, whose address is _895 Dove Street, Suite 425, Newport Beach, CA  92660_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:     **JUN - 5 2012**

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (10/11)                                        SUMMONS

COPY

Name & Address: NEWPORT TRIAL GROUP
Scott J. Ferrell, Bar No. 202091
James B. Hardin, Bar No. 205071
Victoria C. Knowles, Bar No. 277231
895 Dove Street, Suite 425
Newport Beach, CA 92660

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE BAYONNE, individually, and on bhealf of all others similarly situated <br><br> PLAINTIFF(S) <br><br> v. <br><br> NATIONWIDE COIN BULLION RESERVE, INC. and DOES 1 - 10, Inclusive <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV12-4900** ~R (R2x) <br><br><br> **SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Newport Trial Group_____, whose address is _895 Dove Street, Suite 425, Newport Beach, CA  92660_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:     **JUN − 5 2012**

By: _____
            **MARILYN DAVI[...]**
            Deputy Clerk

            *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                                    **SUMMONS**



## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> DANIELLE BAYONNE, individually and on behalf of all others similarly situated | DEFENDANTS <br> NATIONWIDE COIN & BULLION RESERVE, INC. and DOES 1-10, Inclusive |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> NEWPORT TRIAL GROUP, 895 Dove Street, Suite 425, Newport Beach, CA 92660 <br> Tel: 949/706-6464   Fax: 949/706-6469 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No    ☑ **MONEY DEMANDED IN COMPLAINT:** $ TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1332(d)(2)(A) - Class Action Fairness Act Diversity - false and misleading advertising

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

# CV12-4900

FOR OFFICE USE ONLY:   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
  ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Bayonne - Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Nationwide Coin & Bullion Reserve, Inc. - Texas |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Bayonne's claim - Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date June 4, 2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |